UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. DONALD KEITH BOMAN　　　　　　　　　　Docket Number: 08-cr-00382-LTB-01

**Petition on Supervised Release**

    COMES NOW, Travis L. Cormaney, probation officer of the court, presenting an official report upon the conduct and attitude of Donald Keith Boman, who was placed on supervision by the Honorable John C. Shabaz sitting in the court at Madison, Wisconsin, on the 25th day of April, 1995, who fixed the period of supervision at three (3) years to run concurrently with the term of supervised release imposed in the District of Colorado, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. Register with local law enforcement authorities, including the State Attorney General, as directed;

2. Abstain from any use of alcohol and illegal drug use and sales, and association with drug users and sellers, and participate in a program of alcohol/drug counseling and urine surveillance as directed by the supervising U.S. probation officer; and

3. Allow searches by the supervising U.S. probation officer of any residence or property under the defendant's control where there is reason to believe the defendant is in possession of illegal narcotics, stolen materials, firearms, or other contraband, and the defendant shall permit confiscation of the contraband materials.

**On September 9, 2008, jurisdiction was transferred from the Western District of Wisconsin to the District of Colorado. The Honorable Lewis T. Babcock now presides over this case.**

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
        (If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER the issuance of a summons for a supervised release violation hearing on October 8, 2008.

       ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this __22nd__ day of September, 2008, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s/ Travis L. Cormaney |
| | Travis L. Cormaney |
| | Senior United States Probation Officer |
| s/Lewis T. Babcock | |
| Lewis T. Babcock | Place: Colorado Springs, Colorado |
| Senior United States District Judge | |
| | Date: September 18, 2008 |

ATTACHMENT

On December 13, 2007, the conditions of supervised release were read and explained to the defendant. On that date, he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and that he was provided with a copy of them. The term of supervised release commenced on December 7, 2007.

The defendant has committed the following violations of supervised release:

1. **FAILURE TO REFRAIN FROM THE EXCESSIVE USE OF ALCOHOL:**

On or about December 30, 2007, the defendant consumed an excessive amount of alcohol, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts.

On November 26, 2007, I notified the Court that the defendant was scheduled to release from the Bureau of Prisons on December 7, 2007. However, the defendant had no residence to go to upon his release from custody. In addition, the defendant had no family or other community member in Colorado who could take him in. At that time, I requested that the defendant's supervision be modified to include a condition requiring him to reside in a residential reentry center for a period of up to six months or until he could secure a permanent residence, approved by the probation officer. On November 27, 2007, Your Honor ordered the proposed modification.

On June 13, 2007, the defendant progressed as a Bureau of Prisons inmate from FCI Florence to the ComCor Residential Reentry Center located in Colorado Springs, Colorado. The defendant remained as an inmate at ComCor until he completed his custodial sentence on December 7, 2007. On that date, the defendant's supervised release commenced. However, the defendant remained at ComCor as a condition of supervision because he had no release residence.

As a resident of the ComCor Residential Reentry Center, the defendant is prohibited from consuming alcohol. On December 30, 2007, at 1:39 a.m., the defendant was contacted by a ComCor technician who could smell the odor of an alcoholic beverage emitting from the defendant's breath. The technician subsequently had the defendant submit to a breath test which returned a blood alcohol level reading of .144.

2. **FAILURE TO RESIDE IN A RESIDENTIAL REENTY CENTER AS DIRECTED BY THE PROBATION OFFICER:**

On or about December 30, 2007, the defendant failed to reside in a residential reentry center as directed by the probation officer, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts.

On December 30, 2007, the defendant left the property of the ComCor Residential Reentry Center without permission and was placed on escape status. Prior to leaving the facility, the defendant was in the tech office for testing positive for the use of alcohol and was instructed not to leave until he became sober. The defendant left the tech office and went to his room and told his roommate, Kevin Sanford, that he was leaving the facility.